## Estate of John Reilly, Appeal of Margaret Reilly.

*Decedents' estates—Wills—Testamentary capacity—Signature—Extremity of last illness—Act of June 7, 1917, P. L. 403, section 3.*

In a petition for the award of an issue devisavit vel non on the ground of lack of testamentary capacity the evidence disclosed that the testator was in a hospital dying of severe burns and unable to write his name. He made his mark and a notary signed his name. The will was twice read to him, at each of which times he approved it and recognized his mark and his name as written by the notary. He acknowledged the signature and will to be his. That he affixed his mark to the paper and acquiesced 'in the writing of his name is uncontradicted.

An adequate state of facts was here presented to bring the case under the Act of June 7, 1917, P. L. 403, section 3, providing that if a testator be unable to sign his name a will to which his name is subscribed in his presence, by his direction and authority, to which he makes his mark, unless unable to do so, shall be as valid as though he had signed his name.

Argued December 13, 1927. Appeal No. 384, October T., 1927, by contestant from definitive decree of O. C. Philadelphia County, October T., 1926, No. 3690, in the Estate of John Reilly deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for an issue devisavit vel non. Before GEST, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition, contestants appealed.

*Error assigned,* among others, was the decree of the Court.

*Walter Thomas,* for appellant.—The will was not properly executed: Carmello's Estate, 289 Pa. 554; Knox's Estate, 131 Pa. 220; Wilson Estate, 88 Pa. Superior Ct. 559; Butler's Estate, 223 Pa. 252; Stricker v. Grove, 5 Wharton 386; Plate's Estate, 148 Pa. 55; Aurand v. Wilt, 9 Pa. 54; Brehony v. Brehony, 289 Pa. 270.

*James J. O'brien,* for appellee.—The intention to execute the will is the test: Kimmel's Estate, 278 Pa. 435; Brennan's Estate, 244 Pa. 574; Swire's Estate, 225 Pa. 188; Churchill's Estate, 260 Pa. 94; Hughes' Estate, 286 Pa. 466.

OPINION BY HENDERSON, J., March 2, 1928:

The will of John Reilly having been duly probated by the Register of Wills, a sister, Margaret Reilly, took an appeal and in her petition for a citation prayed that an issue be awarded on the ground (1) that the decedent lacked testamentary capacity; (2) that the will was procured by undue influence; (3) that the writing was a forgery. The hearing judge, after a review of the testimony taken, found the facts against the petitioner on all of the reasons for an issue suggested in the application and discharged the rule, which decision on exceptions filed was sustained by the Orphans' Court. The allegation of forgery is not now pressed; the appellant's contention being that John Reilly was not of testamentary capacity at the time the will was said to have been executed, and that it was not signed in conformity to the Wills Act of 1917. The trial judge found that the testator was possessed of full testamentary capacity; that the will was the unprompted and genuine expression of the testator's intention. The testimony clearly and sufficiently sup-

ports these conclusions. All of the evidence bearing on the actual execution of the will sustains the decision of the court on this point. The witnesses were disinterested and their testimony is in no degree weakened by any evidence produced by the appellant. The fact was in evidence that morphine had been administered to the testator soon after he was admitted to the hospital to relieve the pain produced by severe burns which he had recently received, and an attempt was made to show by a medical witness that the quantity of morphine administered would have a tendency to impair the intellect and render the patient susceptible to undue influence, but there was no evidence of such undue influence and the testimony as to the conscious and designed act of the testator with respect to the disposal of his property was too conclusive to admit of controversy.

The only subject for consideration is the sufficiency of the execution of the writing. The third section of the Wills Act of 1917 provides as follows:. "If the testator be unable to sign his name, for any reason other than the extremity of his last sickness, a will, to which his name is subscribed in his presence, by his direction and authority, and to which he makes his mark or cross, unless unable to do so, in which case the mark or cross shall not be required, shall be as valid as though he had signed his name thereto: provided, that such will shall be proved by the oaths or affirmations of two or more competent witnesses." That the testator was severely injured is admitted. From the hospital record it appeared that his cheeks and neck were burned, his upper chest showed first and second degree burns, his right shoulder was badly burned, both arms and especially the left hand showed severe burns. A canopy had been placed over him to support the bed clothing and thus relieve him from pressure. Bandages suitable to his condition had

been applied and the patient was suffering severe pain. Mr. Wene, a notary public, who prepared the will described the situation when the will was signed. He was holding the paper and there was a canopy or hoops that kept the sheet from lying on the body. He laid the will at the right of the testator, handed him the pen, and he made his mark. The notary made the circle around the mark. The testator had at various times before made his mark instead of signing his name although under ordinary circumstances he could write his name. Considering the nature of the injury and the condition in which he was placed by the surgeon and the nurses, it is a reasonable conclusion that his physical infirmity prevented him from using his arm and hand to sign his name to the paper. The will was twice read to him at each of which times he approved it and recognized his mark and his name as written by the notary. In the presence of Mr. McCoy and Mrs. Tomany, witnesses of the will, he acknowledged the signature to be his and the will to be his. That the testator affixed his mark to the paper and acquiesced in the writing of his signature by Mr. Wene, is contradicted by no one and is made to clearly appear. The evidence establishes beyond reasonable doubt that the affixing of the mark was done by the testator; that the witnesses signed at his request; and that he approved of the signing of his name by Mr. Wene. An adequate state of facts was thus presented to bring the case within the provision of the Act of 1917 above quoted, and this amounted to due execution of the will. The case is fully covered by Hughes' Estate, 286 Pa. 466 and Carmello's Estate, 289 Pa. 554, in which numerous authorities bearing on the Wills Act of 1917 are considered.

The decree of the court below is well founded and is affirmed at the cost of the appellant.